HOVEY WILLIAMS LLP
10801 MASTIN BOULEVARD
SUITE 1000
OVERLAND PARK, KANSAS 66210
TELEPHONE (913) 647-9050
FAX (913) 647-9057

JS-6

Cheryl L. Burbach (Admitted Pro Hac Vice)
Email cburbach@hoveywilliams.com
Dianne M. Smith-Misemer (Admitted Pro Hac Vice)
Email dsmisemer@hoveywilliams.com

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

Sean Sullivan (State Bar No. 229104)
Email seansullivan@dwt.com

Attorneys for Plaintiff
SILPADA DESIGNS, INC.

FILED
CLERK, U.S. DISTRICT COURT

April 13, 2016.

CENTRAL DISTRICT OF CALIFORNIA
BY:        VPC        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SILPADA DESIGNS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CLAIRE SANTANIELLO, <br><br> Defendants. | Case No.  2:15-cv-03636-SJO-SSx <br><br> AMENDED [PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION <br><br> Courtroom:  1 <br> Judge:  Hon. S. James Otero <br><br> Complaint Filed:  May 19, 2015 |

1

WHEREAS, Plaintiff Silpada Designs, Inc. ("Silpada") and Defendant Claire Santaniello d/b/a Special Details ("Santaniello") (and collectively "the Parties") have agreed in a separate Confidential Settlement Agreement dated April 8, 2016, to settle the matters in issue between them and have further stipulated to entry of this Consent Judgment and Permanent Injunction, it is hereby **ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### Findings of Fact and Conclusions of Law

1. This Court has jurisdiction over the subject matter and the Parties to this action, and venue is proper in this District.

2. Silpada asserts ownership of the U.S. trademark registrations for SILPADA, No. 2,308,977, SILPADA, No. 3,053,312, SILPADA DESIGNS, No. 2,881,357, SILPADA DESIGNS, No. 3,027,173, SILPADA DESIGNS, No. 3,500,060, THERE'S A PLACE FOR EVERYONE AT SILAPDA, No. 3,537,625, SILPADA…BRINGING THE STERLING BOUTIQUE TO YOU!, No. 3,718,948, and SIMPLY SILPADA, No. 4,213,419 ("Silpada Trademarks"). Such registrations are valid, subsisting, and some of which have obtained incontestability status.

3. Santaniello became a Silpada Representative on or about July 27, 2007. "Silpada Representative(s)" is defined as an individual that is a signatory to Silpada Independent Retail Sales Representative Application-Agreements or Silpada's Recertification Agreements. By offering Silpada products for sale online, Santaniello was in breach of her contract with Silpada. Silpada terminated Santaniello's contract on or about February 23, 2011.

4. Following the termination of Santaniello as a Silpada Representative, Santaniello continued to list Silpada merchandise for sale on eBay and elsewhere online. Santaniello also began soliciting and inducing current Representatives to breach their Agreements by providing Silpada merchandise to her to sell on eBay.

5. On or about September 2, 2011, Silpada notified Santaniello by letter that it is a violation of law to induce another person to enter into a contract with the

intention of breaching that contract, or to fraudulently induce a person to enter into a contract with the intention to have them breach that contract.  And on or about September 20, 2011, Silpada's counsel advised Santaniello by letter that soliciting active Representatives to procure Silpada merchandise for her to sell on eBay constituted tortious interference with Silpada's business.  Santaniello did not respond to either of the letters sent to her in September 2011.

6.      At least as early as January 2015, Santaniello's advertising on Facebook entitled "Sell Your Silpada," stated, in pertinent part:

> Want to sell your retired Silpada Designs jewelry, excess Silpada inventory, or pieces you just don't wear anymore? Don't hassle selling it yourself. I will Sell Your Silpada for you!

> Last month, I sold over $11,000 of Silpada jewelry for my Consignment partners.  Please check out my website for more info www.ClairesConsignment.com.

> Additionally, the "Who I Work with" webpage on Santaniello's website stated, in pertinent part: "I work with Silpada Designs Reps … to … Sell retired /past season pieces [and] Sell excess inventory[.] I value your trust & keep your identity confidential."  Similarly, the "For Silpada Designs Reps" webpage on Santaniello's website stated, in pertinent part:

> Currently, I am CONFIDENTIALLY working with about 30 Silpada Designs Reps to sell their sample pieces, display pieces, and excess inventory.

> I was a Silpada Rep for about 3 years and I've been selling Silpada designs jewelry through my consignment service for over 2 years.

> … .

> I will polish your pieces, research them, market them, ship them (if necessary), and complete the sale.  I do the work ... you cash the checks!

> Please check the "WHAT MY CUSTOMERS SAY" section of this website to see what your Silpada sisters are saying about working with me.

> Please contact me for more information: Click on the CONTACT ME link or email me at Claire@ClairesConsignment.com.

7.      Following the discovery of Santaniello's Facebook advertisement, at least three current Silpada Representatives responded to the Facebook advertisement by private message. In response to one of the current Representatives' messages, Santaniello stated that she had been operating the www.ClairesConsignment.com

3

website for "maybe a month" as of January 15, 2015.

8.     On or about February 1, 2015, Santaniello further stated in response to at least two of the current Representatives' messages: "I work with Silpada Reps (and others) to sell their retired Silpada & excess inventory. I'm currently working with 40 consignment partners (32 of which are current or retired Silpada Reps.).  In 2014, I had over $80,000 in consignment sales. I'd love to sell your pieces for you." Santaniello also encouraged one of the current Representatives to refer others to sell Silpada pieces to her "on consignment" and offered a five-percent commission on the referrals' net sales.

9.     In or about March 2015, Silpada employees began receiving complaints from multiple current Representatives that they were receiving Facebook solicitations from Santaniello. On or about March 3, 2015, Silpada Co-CEO Kelsey Perry received a Facebook solicitation from Santaniello.

**Permanent Injunction**

10.     Santaniello expressly warrants that

     a.  subject to the terms of the Confidential Settlement Agreement, she has disclosed or will disclose to Silpada a complete and accurate list of Silpada products in inventory that is in her current possession, custody and control; and

     b.  she certifies that all of the Silpada products received on a consignment basis and deriving from currently active Silpada representatives as of the Effective Date of the Confidential Settlement Agreement have been returned.

11.     The Parties have reached a Confidential Settlement Agreement dated April 8, 2016, that includes a phase-out period in which Santaniello may exhaust her inventory of Silpada products and discontinue references to the Silpada Trademarks online.

12.     Subject to Paragraph 11 and the terms of the parties' Confidential

4

Settlement Agreement, Santaniello, and each of her agents, servants, employees, and all persons in active concert or participation with her, directly or indirectly, and each of them are hereby permanently enjoined and restrained from:

    a.  any further advertising, marketing, distributing, selling, or offering for sale, any of Silpada's products;

    b.  any further use of the Silpada Trademarks, or any colorable imitation thereof;

    c.  acquiring additional Silpada products for sale, consignment or any other transfer or distribution;

    d.  soliciting, inducing, or encouraging any individuals that are active Silpada representatives or party to any contract with Silpada, including Silpada Independent Retail Sales Representative Application-Agreements and Silpada's Recertification Agreements ("Silpada Representatives"), from selling or otherwise providing to Santaniello Silpada products for sale, resale, and consignment sale;

    e.  soliciting, inducing, encouraging, or otherwise cause individuals into becoming Silpada representatives for the purpose of providing Santaniello Silpada's products for sale for Santaniello's business;

    and;

    f.  making reference to or otherwise using the words SILPADA, SILPADA DESIGNS, and any and all Silpada Trademarks owned by Silpada in any manner, including on her websites, online sales listings, social media, and in all other advertising or promotional materials related to and used for Santaniello's business, including, but not limited to, social media, meta tags, and advertising keywords.

5

13.    For two years from the date of the entry of this Consent Judgment, Santaniello shall keep, maintain and preserve complete and accurate books of account and records including, without limitation, invoices or computers, covering all transactions relating to the sale and distribution of the Silpada products for verification purposes.

14.    Judgment is hereby entered against Santaniello in the amount of $50,000 (fifty thousand dollars, U.S.).

15.    Santaniello shall return all Silpada products received on a consignment basis by no later than February 28, 2017.

16.    Except for any matters arising out of a violation of this Consent Judgment, Silpada does hereby release Santaniello including any agents, servants, employees, and all persons in active concert or participation with her, from any and all actions and causes of action, claims, demands, damages, attorney's fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted, whether known or unknown, that Silpada has or may have against Santaniello.

17.    Santaniello does hereby release Silpada including any subsidiaries, divisions or associated organizations, and also including any of its present officers, employees, agents, attorneys, servants, and/or representatives, from any and all actions and causes of action, claims, demands, damages, attorney's fees, costs, loss of services, expenses, compensation, suits, debts, documents, bonds, covenants, contracts, agreements and judgments of whatsoever kind, at law or in equity, which were asserted or could have been asserted, whether known or unknown that Santaniello has or may have against Silpada.

18.    Each party shall bear its own attorney's fees and costs associated with this action.

19.    The prevailing party shall be entitled to allowable costs and reasonable

attorney fees associated with any action to enforce this Consent Judgment, or any action arising out of a violation of this Consent Judgment.

20.   This Final Consent Judgment shall bind and inure to the benefit of all Parties hereto, and all their assigns and successors in interest.

21.   Upon entry of the Final Consent Judgment, the parties' monetary claims will be withdrawn and the Complaint in this action shall be dismissed with prejudice.

Jurisdiction is retained by this Court with respect to this civil action for purpose of enabling Silpada to apply to this Court at any time for such further orders and directions as may be necessary and appropriate in order to carry out the provisions of this Consent Judgment, and for the enforcement and compliance therewith.

IT IS SO ORDERED.

_April 13_____, 2016

_____
S. James Otero
Judge of the United States District Court

7